JUDGE CAPRONI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- v. -

JOHNNY JAVIER CUSME LOPEZ,
JHEFFERSON ESCOBAR MONTANO, and
NELSON ANTONIO ORTIZ VITE,

               Defendants.

- - - - - - - - - - - - - - - - - - - X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: SEP 1 2 2016

INDICTMENT

16 Cr.

**16 CRIM 617**

## COUNT ONE

The Grand Jury charges:

1. In or about July 2016, in Colombia, the high seas, and elsewhere, and in an offense begun and committed upon the high seas outside of the jurisdiction of any particular State or district of the United States, JOHNNY JAVIER CUSME LOPEZ, JHEFFERSON ESCOBAR MONTANO, and NELSON ANTONIO ORTIZ VITE, the defendants, who were first brought to and entered the United States in the Southern District of New York, and others known and unknown, intentionally and knowingly did combine, conspire, confederate and agree together and with each other to violate the maritime drug enforcement laws of the United States.

2. It was a part and an object of the conspiracy that JOHNNY JAVIER CUSME LOPEZ, JHEFFERSON ESCOBAR MONTANO, and NELSON ANTONIO ORTIZ VITE, the defendants, and others known and unknown, would and did manufacture and distribute, and possess

with the intent to manufacture and distribute, a controlled substance on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Section 70503(a)(1).

3. The controlled substance that JOHNNY JAVIER CUSME LOPEZ, JHEFFERSON ESCOBAR MONTANO, and NELSON ANTONIO ORTIZ VITE, the defendants, conspired to manufacture and distribute, and possess with the intent to manufacture and distribute, on board a vessel subject to the jurisdiction of the United States, was five kilograms and more of mixtures and substances containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, in violation of Title 46, United States Code, Section 70506(a).

(Title 46, United States Code, Sections 70503, 70506(b) & 70504(b)(1); Title 18, United States Code, Section 3238; Title 21, United States Code, Section 960(b)(1)(B).)

## COUNT TWO

The Grand Jury further charges:

4. In or about July 2016, in Colombia, the high seas, and elsewhere, and in an offense begun and committed upon the high seas outside of the jurisdiction of any particular State or district of the United States, JOHNNY JAVIER CUSME LOPEZ, JHEFFERSON ESCOBAR MONTANO, and NELSON ANTONIO ORTIZ VITE, the defendants, who were first brought to and entered the United States in the Southern District of New York, manufactured

and distributed, and possessed with the intent to manufacture and distribute, while aboard a vessel subject to the jurisdiction of the United States, five kilograms and more of mixtures and substances containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers.

(Title 46, United States Code, Sections
70503(a)(1), 70504(b)(1), 70506(a);
Title 18, United States Code, Sections 3238 & 2; Title 21,
United States Code, Section 960(b)(1)(B).)

## FORFEITURE ALLEGATION

5. As a result of committing the controlled substance offenses charged in Counts One and Two of this Indictment, JOHNNY JAVIER CUSME LOPEZ, JHEFFERSON ESCOBAR MONTANO, and NELSON ANTONIO ORTIZ VITE, the defendants, shall forfeit to the United States, pursuant to Title 46, United States Code, Section 70507(a), and Title 28, United States Code, Section 2461:

    a. All controlled substances which have been manufactured, distributed, or acquired in connection with the offenses charged in Counts One and Two of this Indictment.

    b. All raw materials, products, and equipment of any kind which are used, or intended for use, in manufacturing, compounding, processing, delivering, importing, or exporting any controlled substance or listed chemical in

3

connection with the offenses charged in Counts One and Two of this Indictment.

    c. All listed chemicals, all drug manufacturing equipment, all tableting machines, all encapsulating machines, and all gelatin capsules, which have been imported, exported, manufactured, possessed, distributed, dispensed, acquired, or intended to be distributed, dispensed, acquired, imported, or exported, in connection with the offenses charged in Counts One and Two of this Indictment.

    d. All property which is used, or intended for use, as a container for property described in paragraphs 5(a), 5(b), and 5(c) of this Indictment.

    e. All conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property described in paragraphs 5(a), 5(b), and 5(c) of this Indictment.

    f. All books, records, and research, including formulas, microfilm, tapes, and data which are used, or intended for use, in connection with the offenses charged Counts One and Two of this Indictment.

    g. All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance

or listed chemical in connection with the offenses charged in Counts One and Two of this Indictment, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate the offenses charged in Counts One and Two of this Indictment.

      h.    All real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offenses charged in Counts One and Two of this Indictment.

      i.    Any drug paraphernalia.

      j.    Any firearm used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of property described in paragraph 5(a) and 5(b) of this Indictment, and any proceeds traceable to such property.

<u>Substitute Assets Provision</u>

6.    If any of the above-described forfeitable property, as a result of any act or omission of JOHNNY JAVIER CUSME LOPEZ, JHEFFERSON ESCOBAR MONTANO, and NELSON ANTONIO ORTIZ VITE, the defendants:

      a.    cannot be located upon the exercise of due diligence;

      b.    has been transferred or sold to, or

deposited with, a third person;

          c.        has been placed beyond the jurisdiction of
                    the Court;

          d.        has been substantially diminished in value;
                    or

          e.        has been commingled with other property
                    which cannot be subdivided without
                    difficulty,

it is the intent of the United States, pursuant to Title 21,
United States Code, Sections 853(p) and 970, to seek forfeiture
of any other property of the defendants up to the value of the
above forfeitable property.

             (Title 46, United States Code, Section 70507(a);
        Title 21, United States Code, Sections 853; Title 28, United
                       States Code, Section 2461)


_____                _____
FOREPERSON                                PREET BHARARA
                                          United States Attorney

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

JOHNNY JAVIER CUSME LOPEZ,
JHEFFERSON ESCOBAR MONTANO, and
NELSON ANTONIO ORTIZ VITE

Defendants.

## INDICTMENT

16 Cr.

(46 U.S.C. §§ 70503, 70504, 70506;
18 U.S.C. §§ 2 & 3238; and 21 U.S.C.
§ 960)

PREET BHARARA
United States Attorney.

**A TRUE BILL**

_____ · 9/12/16  Foreperson.

9/12/16 Filed Indictment, Case Assignt to J. Carnon.

Cott, USDJ